**THE PEOPLE OF THE TERRITORY OF GUAM**

v.

**REBECCA ELLISON a/k/a PATRICIA O'HARA a/k/a JANE DOE, Defendant**

Criminal Case No. 15F-78

Superior Court of Guam

June 1, 1978

**RAKER**, *Judge*

## ORDER

This is a motion by defendant to dismiss an indictment under § 28.20(a)(1) of the Criminal and Correctional Code. The charging portion of the indictment is as follows:

THE SUPERIOR COURT TERRITORIAL GRAND JURY CHARGES:

On or about the 2nd day of February, 1978, in the territory of Guam, Rebecca Ellison, aka Patricia Jeanne O'Hara, aka Jane Doe did control and keep a place of prostitution, in violation of § 28.20(a) of the Criminal and Correctional Code.

Dated this 16th day of February, 1978.

Section 28.20(a)(1) of the Criminal and Correctional Code provides as follows:

A person is guilty of promoting prostitution who:

(1) owns, controls, manages, supervises or otherwise keeps, alone or in association with others, a place of prostitution or a prostitution enterprise; or

The evidence before the grand jury disclosed that Duran, an undercover police officer, requested a taxi driver to take him to a prostitute. The taxi driver drove Duran to the residence of the defendant where the defendant agreed to have sexual intercourse with Duran in return for $50.00, which amount Duran paid to defendant. At this point Duran placed the defendant under arrest.

It is clear from a reading of §§ 28.15, 28.20 and 28.25 and the comments thereto that § 28.20(a)(1) does not render criminal the conduct of the defendant.

If the place of the proposed act of prostitution had been a hotel room, the defendant's conduct might fall within § 28.15, which is a petty misdemeanor, or if the evidence before the grand jury showed repeated acts of prostitution by the defendant over a period of time such conduct might fall within § 28.20(a)(1).

Therefore, the indictment must be dismissed.

There is a further reason for the dismissal of the indictment. Section 28.20, under which defendant is charged, is a felony of the third degree which is punishable by a term not to exceed five (5) years. Prostitution under § 28.15 is punishable by a term not to exceed sixty (60) days.

Even if defendant's conduct did constitute a violation of § 28.20(a), the facts herein presented fall within subsections (b) and (c) of § 7.67 of the Criminal and Correctional Code and justify dismissal by the Court of the indictment. It is inconceivable that the Legislature intended that defendant's conduct could be punished by as much as five years' imprisonment when the public solicitation prohibited by § 28.15 is limited to sixty (60) days, the latter being far more offensive than defendant's conduct. See Guam Law Revision Commission Report quoted by counsel for defendant on page 2 of his memorandum of law filed herein.

Accordingly, it is ordered that the indictment herein be and the same hereby is dismissed.